IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| **U.S. Equal Employment Opportunity Commission,**<br>George H. Fallon Federal Building<br>31 Hopkins Plaza, Suite 1432<br>Baltimore, MD  21201<br><br>          **Plaintiff,**<br><br>      v.<br><br>**Smiths Detection Inc.**<br>2202 Lakeside Blvd.<br>Edgewood, (Harford County)<br>MD 21040<br><br>          **Defendant.** | **Civil Action No.**<br><br><br><br><br><br>**COMPLAINT**<br><br><br><br>**JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the ADA Amendments Act of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Sandra Merson, who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Smiths Detection Inc. ("Defendant") unlawfully discriminated against Merson, a qualified individual with a disability, by denying her request for a disability-related accommodation and by demoting her because of her disability and her need for a reasonable accommodation.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 107(a) and 503(c) of the ADA, 42 U.S.C. § 12117(a) and 12203(c), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1),(3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant has continuously been a corporation doing business and operating within Edgewood (Harford County) in the State of Maryland with at least fifteen (15) employees. It operates a business which manufactures threat detection equipment.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g),(h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

2

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, Merson filed a charge with the Commission alleging violations of the ADA by Defendant.

8. On June 26, 2024 the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated the ADA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. On July 11, 2024 Defendant indicated that it appeared that conciliation efforts had been exhausted.

11. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. On July 12, 2024 the Commission issued to Defendant a Notice of Failure of Conciliation.

13. All conditions precedent to the initiation of this lawsuit have been fulfilled.

14. Merson is disabled as defined in 42 U.S.C. §12102, in that she suffers from complete hearing loss in the left ear and is substantially limited in the major life activity of hearing.

15. Since at least November 1, 2023 Defendant has engaged in unlawful employment practices in violation of Sections 102(a) and 102(b)(5)(A) and (B) of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(5)(A),(B).  These practices include denying Merson a reasonable accommodation and demoting her based on her disability and need for reasonable accommodation.

a. In January 2022, Defendant hired Merson at its Edgewood, Maryland facility and she performed various functions for Defendant, including packing explosive detection test strips for shipment and assembling luggage scanning equipment.

b. In or around July 2023, after approximately 18 months of acceptable performance as an Assembler, Defendant promoted Merson to the position of Cell Leader of Defendant's Solid & Liquid Adapter (SLA) room which assembled components for several products. Shortly thereafter, Defendant also assigned Merson to be Cell leader of the Bubble, an area which manufactured explosive detection test strips. Defendant gave her raises for assuming this position over both areas.

c. Cell Leader is a quasi-management position in which the incumbent is responsible for training employees, troubleshooting problems, and functioning as liaison between the employees and the supervisor.

d. The Cell Leader is paid more than the employees overseen by the Cell Leader.

e. Work as a Cell Leader is useful experience towards promotion to supervisor.

f. In or around October 2023 Defendant rated Merson's performance as Outstanding, the highest possible rating.

g. Since birth, Merson has had no hearing in her left ear. Her hearing in her right ear is sufficient for her to speak and understand English but she struggles to track conversations when there is background noise and telephone conversations are only possible through a speaker phone set at the highest volume.

h. The Bubble is the loudest room at Defendant's Edgewood, Maryland Facility and working there as Cell Leader caused Merson hearing loss in her right ear, the functional ear.

  i. On or about November 1, 2023 Merson asked that Defendant accommodate her disability by providing her with personal protective equipment to preserve her residual hearing while working in the Bubble.

  j. The cost of the personal protective equipment Merson requested was $1700. The equipment was to be custom made for Merson to protect her hearing and allow her to hear her co-workers notwithstanding that she has no hearing in her left ear.

  k. Defendant's annual revenue is in excess of 2 billion dollars.

  l. On or about December 7, 2023 Defendant denied Merson's request for the accommodation of personal protective equipment citing the cost.

  m. On or about December 7, 2023 Defendant demoted Merson from Cell Leader of the Bubble and removed her altogether from the Bubble.

  n. On or about December 8, 2023 Defendant demoted Merson from Cell Leader of SLA and reduced her pay.

  o. At the time of her demotion, Merson was exceeding Defendant's expectations as Cell Leader of SLA and the Bubble.

  p. Defendant allowed a similarly situated Cell Leader with no hearing loss to retain her position notwithstanding her abuse of illegal substances on Defendant's premises.

  q. After Merson's demotion, Defendant reassigned her to the position of Assembler at a reduced rate of pay.

16. The effect of the practices complained of above in Paragraphs 15 has been to deprive Merson, who was at all times qualified, of equal employment opportunities and otherwise adversely affect her rights under the ADA resulting in expenses incurred due to lost wages, emotional pain,

suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

17. The unlawful employment practices complained of above were intentional.

18. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Merson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of disability;

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in reprisal or retaliation against any person who engages in protected activity under the ADA;

C. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities, which prevent retaliation against persons who have engaged in protected activities under the ADA, and eradicate the effects of its past and present unlawful employment practices, and prevent disability discrimination from occurring in the future;

D. Order Defendant to implement non-discriminatory objectives, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the

Court and informs all employees that Defendant will not discriminate against any employee because of disability, including that they will comply with all aspects of the ADA and that they will not take any action against employees because they have exercised their rights under the statute;

  E. Order Defendant to make Merson whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement to SLA Cell Leader and Bubble Cell Leader or front pay and training equivalent to lost experience in lieu of reinstatement;

  F. Order Defendant to make Merson whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 15 above;

  G. Order Defendant to make Merson whole by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

  H. Order Defendant to pay Merson punitive damages for its callous indifference to her federally protected right to be free from discrimination based on disability;

  I. Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA;

  J. Grant such further relief as the Court deems necessary and proper in the public interest; and

  K. Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

KARLA GILBRIDE
General Counsel

DEBRA M. LAWRENCE
Regional Attorney

/S
_____
ERIC S. THOMPSON
Senior Trial Attorney

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD  21201
Eric.Thompson@EEOC.GOV
Phone: 410.801.6696
Fax: 410.962.4270