_____

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | : | **Civil Action No.** 1:24-cv-02510-ABA |
| Plaintiff, | : | **DEFENDANT SMITHS DETECTION, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** |
| v. | : | |
| | | Complaint Filed: August 29, 2024 |
| **SMITHS DETECTION, INC.,** | : | |
| Defendant. | : | |

_____

Defendant Smiths Detection, Inc. ("Defendant"), by and through its undersigned counsel, responds to Plaintiff U.S. Equal Employment Opportunity Commission's ("Plaintiff") Complaint (Doc. 1) in the above-captioned matter.

## NATURE OF THE ACTION[1]

Responding to the first sentence of the section of the Complaint entitled "Nature of the Action," Defendant admits that Plaintiff's Complaint purports to assert claims pursuant to Title I of the Americans with Disabilities Act of 1990, as amended through the ADA Amendments Act of 2008 (the "ADA"), and Title I of the Civil Rights Act of 1991, but Defendant denies that it violated the ADA, Title I of the Civil Rights Act of 1991, or any other statute or regulation, denies that it engaged in any unlawful employment practices, denies that Plaintiff or that any other person

---

[1] Defendant uses the same headings as those set forth by Plaintiff in the Complaint for organizational purposes only. The use of these headings does not constitute an admission or denial as to any allegations alleged in Plaintiff's Complaint.

or party, including, without limitation, Sandra Merson ("Merson"), is or are entitled to any relief on any claims alleged in Plaintiff's Complaint or any other relief, and denies that Merson was adversely affected by any alleged employment practices of Defendant.

Responding to the second sentence of the Section of the Complaint entitled "Nature of the Action," Defendant denies all allegations set forth therein, including, without limitation, that it discriminated against Merson or any other person or party.

## JURISDICTION AND VENUE

1. Defendant denies that it engaged in any act or omission giving rise to the claims alleged in Plaintiff's Complaint but admits that this Court has jurisdiction over the claims alleged in Plaintiff's Complaint.

2. Defendant denies that it engaged in any unlawful employment practices but admits that Plaintiff alleges that certain events occurred within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Defendant admits the allegations in Paragraph 3 of the Complaint.

4. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 4 of the Complaint to the extent they are alleged "[a]t all relevant times" inasmuch as the Complaint does not allege what periods of time Plaintiff asserts are relevant to the Complaint, and therefore Defendant denies the allegations in Paragraph 4 of the Complaint. Further responding, Defendant admits that at certain times, it has been a corporation doing business and operating within Edgewood (Harford County), Maryland, that at certain times, it has employed at least fifteen (15) employees, and that it manufactures threat detection equipment. Except as thus stated, Defendant denies the allegations in Paragraph 4 of the Complaint.

5.  Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Complaint to the extent they are alleged "[a]t all relevant times" inasmuch as the Complaint does not allege what periods of time Plaintiff asserts are relevant to the Complaint, and therefore Defendant denies the allegations in Paragraph 5 of the Complaint. Further responding, Defendant states that Paragraph 5 of the Complaint sets forth a legal conclusion to which no response is necessary. To the extent a response may be necessary, Defendant admits that at certain times, it has been an employer engaged in an industry affecting commerce within the meaning of the ADA. Except as thus stated, Defendant denies the allegations in Paragraph 5 of the Complaint.

6.  Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint to the extent they are alleged "[a]t all relevant times" inasmuch as the Complaint does not allege what periods of time Plaintiff asserts are relevant to the Complaint, and therefore Defendant denies the allegations in Paragraph 6 of the Complaint. Further responding, Defendant states that Paragraph 6 of the Complaint sets forth a legal conclusion to which no response is necessary. To the extent a response may be necessary, Defendant admits that at certain times, it has been a covered entity within the meaning of the ADA. Except as thus stated, Defendant denies the allegations in Paragraph 6 of the Complaint.

### STATEMENT OF CLAIMS

7.  Defendant admits that Merson filed a charge of discrimination with Plaintiff more than 30 days prior to the filing of the Complaint alleging violations of the ADA by Defendant but denies that it engaged in any violation of the ADA or any other statute or regulation. Except as thus stated, Defendant denies the allegations in Paragraph 7 of the Complaint.

8.	Defendant admits that Plaintiff issued a Letter of Determination on June 26, 2024, the content of which speaks for itself, but denies that Plaintiff's determination was correct, denies that engaged in any discriminatory practices or engaged in any violation of the ADA or any other statute or regulation, and denies that Merson or any other person or party are entitled to any relief. Except as thus stated, Defendant denies the allegations in Paragraph 8 of the Complaint.

9.	Defendant denies that it engaged in any discriminatory practices, or that it engaged in discriminatory practices as described in a Letter of Determination, but admits it engaged in communications with Plaintiff related to Plaintiff's June 26, 2024 Letter of Determination, the contents of which speak for themselves. Except as thus stated, Defendant denies the allegations in Paragraph 9 of the Complaint.

10.	Defendant admits the allegation in Paragraph 10 of the Complaint.

11.	Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint and, on that basis, denies all allegations in Paragraph 11 of the Complaint.

12.	Defendant admits that on or about July 12, 2024, it received correspondence from Plaintiff relating to conciliation, the content of which speaks for itself. Except as thus stated, Defendant denies the allegation in Paragraph 12 of the Complaint.

13.	Paragraph 13 of the Complaint sets forth a legal conclusion to which no response is necessary. To the extent a response may be necessary, Defendant admits the allegations in Paragraph 13 of the Complaint on information and belief.

14.	Paragraph 14 of the Complaint sets forth a legal conclusion to which no response is necessary. To the extent a response may be necessary, Defendant admits on information and belief that Merson has hearing loss in her left ear but lacks information or knowledge sufficient to

- 4 -

form a belief about the truth of all remaining allegations in Paragraph 14 of the Complaint and, on that basis, denies them. Except as thus stated, Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

a. Defendant admits the allegations in Paragraph 15.a. of the Complaint.

b. Defendant denies that it "promoted" Merson and denies that it assigned Merson to be Cell Leader of the "Bubble," but admits that in or around July 2023, it temporarily assigned Merson from her position as an Assembler to the position of Cell Leader of the Solid & Liquid Adapter (SLA) room and admits that, in accordance with the terms of an applicable collective bargaining agreement, it provided Merson with a contractual incentive payment of $1.50/hour above Merson's base rate of pay during the period it temporarily assigned Merson to be a Cell Leader in the SLA room. Except as thus stated, Defendant denies the allegations in Paragraph 15.b. of the Complaint.

c. Defendant denies that Cell Leader is a "quasi-management position," but admits that Cell Leaders assist with training and providing instruction to other employees. Except as thus stated, Defendant denies the allegations in Paragraph 15.c. of the Complaint.

d. Defendant denies that a Cell Leader oversees employees but admits that pursuant to the terms of an applicable collective bargaining agreement, Cell Leaders are paid a contractual incentive payment of $1.50/hour above their base rate of pay. Except as thus stated, Defendant denies the allegations in Paragraph 15.d. of the Complaint.

e. Defendant denies the allegation in Paragraph 15.e. of the Complaint.

f. Defendant admits the allegation in Paragraph 15.f. of the Complaint.

g.      Defendant admits on information and belief that Merson has hearing loss in her left ear. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 15.g. of the Complaint and, on that basis, denies them. Except as thus stated, Defendant denies the allegations in Paragraph 15.g. of the Complaint.

h.      Defendant admits the allegation in Paragraph 15.h. of the Complaint alleging that the Bubble is the loudest room at Defendant's Edgewood, Maryland facility. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 15.h. of the Complaint and, on that basis, denies them. Except as thus stated, Defendant denies the allegations in Paragraph 15.h. of the Complaint.

i.      Defendant admits the allegation in Paragraph 15.i. of the Complaint alleging that Merson asked Defendant to purchase a specific hearing device for her related to her working in the Bubble. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 15.i. of the Complaint and, on that basis, denies them. Except as thus stated, Defendant denies the allegations in Paragraph 15.i. of the Complaint.

j.      Defendant admits that Merson requested Defendant purchase a custom-made hearing device for her related to her working in the Bubble and that the cost of the requested device was represented to Defendant as approximately $1,700. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15.j. of the Complaint and, on that basis, denies them. Except as thus stated, Defendant denies the allegations in Paragraph 15.j. of the Complaint.

k.      Defendant denies the allegation in Paragraph 15.k. of the Complaint.

l.      Defendant admits that it did not grant Merson's request that Defendant purchase the custom-made hearing device she requested related to her working in the Bubble.

Defendant denies all remaining allegations in Paragraph 15.l. of the Complaint. Except as thus stated, Defendant denies the allegations in Paragraph 15.l. of the Complaint.

m. Defendant admits that in December 2023, it informed Merson that she would not be assigned any work duties to be performed in the Bubble. Defendant denies that Merson was ever assigned to be Cell Leader of the Bubble, denies that it demoted Merson from Cell Leader of the Bubble, and denies all remaining allegations in Paragraph 15.m. of the Complaint. Except as thus stated, Defendant denies the allegations in Paragraph 15.m. of the Complaint.

n. Defendant denies that it "demoted" Merson from Cell Leader of the SLA room but admits that in December 2023 it ended Merson's temporary assignment as SLA room Cell Leader, returned Merson to her Assembler position, and ceased paying to Merson the contractual incentive payment of $1.50/hour above her base rate of pay applicable to Cell Leaders under the terms of an applicable collective bargaining agreement. Except as thus stated, Defendant denies the allegations in Paragraph 15.n. of the Complaint.

o. Defendant denies the allegations in Paragraph 15.o. of the Complaint.

p. Defendant denies the allegations in Paragraph 15.p. of the Complaint.

q. Defendant admits that at the conclusion of her temporary assignment as Cell Leader of the SLA room, it reassigned Merson to her previous position as an Assembler and admits that upon her reassignment, that it ceased paying to Merson the contractual incentive payment of $1.50/hour above her base rate of pay that had been paid to her during her temporary assignment as Cell Leader of the SLA room under the terms of an applicable collective bargaining agreement. Defendant denies all remaining allegations in Paragraph 15.q. of the Complaint, including, without

limitation, that it "demoted" Merson. Except as thus stated, Defendant denies the allegations in Paragraph 15.q. of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegation in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff or any other person or party is entitled to any of the relief requested in the Prayer for Relief or any subparagraph(s) thereof, or any other relief.

WHEREFORE, having fulling answered and responded to Plaintiff's Complaint, Defendant respectfully requests that:

1. judgment be entered on Plaintiff's Complaint in favor of Defendant, and that the Court dismiss Plaintiff's Complaint with prejudice in its entirety;

2. Plaintiff take nothing from its Complaint;

3. the Court award Defendant its attorneys' fees and costs incurred in defending against Plaintiff's claims; and

4. the Court award Defendant any such other relief as the court deems just and proper.

## AFFIRMATIVE AND OTHER DEFENSES AND AVOIDANCES

Without admitting any of the facts alleged in the Complaint, Defendant hereby asserts and alleges the following separate and additional defenses, some of which are affirmative defenses under Federal Rule of Civil Procedure Rule 8(c), without assuming the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff, and without prejudice to Defendant's right to argue that Plaintiff bears the burden of proof as to any one or

more of said defenses. Furthermore, all such defenses are pleaded in the alternative and do not constitute an admission of liability or an admission that Plaintiff or any other person or party is entitled to any relief whatsoever. Defendant presently has insufficient knowledge or information as to whether Defendant may have additional, as yet unasserted, defenses. Defendant specifically reserves the right to assert any and all additional defenses that may come to its attention including, but not limited to, those discovered in the course of discovery.

### FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted or a claim for which the relief sought may be awarded.

### SECOND DEFENSE

Plaintiff's claims for damages are barred due to lack of actual injury.

### THIRD DEFENSE

To the extent Plaintiff and/or Merson has failed to make diligent and good-faith efforts to mitigate purported damages, any relief awarded must be dismissed or reduced.

### FOURTH DEFENSE

Plaintiff's claims are subject to and fail under the undue hardship doctrine.

### FIFTH DEFENSE

Plaintiff's damages are barred, in whole or in part, by equitable defenses, including the good faith defense.

### SIXTH DEFENSE

Plaintiff's damages are limited by applicable statutory caps or restrictions set forth in 42 U.S.C. § 1981a and 12117.

### SEVENTH DEFENSE

Defendant engaged in good faith efforts, in consultation with Merson, to identify and make a reasonable accommodation that would provide Merson with an equally effective opportunity and would not cause an undue hardship on the operation of the business.

### EIGHTH DEFENSE

The Complaint fails to state a claim upon which an award of punitive damages can be granted under 42 U.S.C. § 1981a.

### NINTH DEFENSE

Plaintiff's claim for punitive damages is barred because Defendant did not engage in, act with, ratify, authorize, or acquiesce in any acts of fraud, oppression, or malice, with wanton, willful, or conscious disregard, or with reckless indifference towards Merson.

### TENTH DEFENSE

Plaintiff's claims for punitive damages are barred because no managerial agent of Defendant acted with the requisite mental state toward any individual.

### ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, as for any allegations or other matters for which Plaintiff has failed to exhaust or otherwise satisfy administrative, procedural, or jurisdictional prerequisites for commencing and maintaining this action.

### TWELFTH DEFENSE

All actions taken by Defendant with respect to Merson were lawful and were made in good-faith compliance with applicable provisions of law, rules, and regulations and provisions of a collective bargaining agreement, and all actions taken by Defendant with respect to Merson were

taken for legitimate, nondiscriminatory, non-retaliatory, non-prohibited reasons and/or for good cause.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant's decisions and actions were based on legitimate, nondiscriminatory business reasons that were not pretexts for discrimination.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant's decisions and actions were based on legitimate, nonretaliatory business reasons that were unrelated to any protected activity allegedly engaged in by Merson.

## FIFTEENTH DEFENSE

Any and all actions taken by Defendant with respect to Merson's employment were consistent with Defendant's internal policies and an applicable collective bargaining agreement.

Dated: October 28, 2024

/s/ Daniel B. Pasternak_____
Daniel B. Pasternak (admitted *pro hac vice*)
SQUIRE PATTON BOGGS (US) LLP
2325 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Tel: +1 602 528 4000
Fax: +1 602 253 8129
Email: daniel.pasternak@squirepb.com

Amy Brown Doolittle (15455)
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
Tel: +1 202 457 6000
Fax: +1 202 457 6315
Email: amy.doolittle@squirepb.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 28, 2024, I electronically transmitted the foregoing

Answer and Defenses to Complaint to the Clerk's Office using the CM/ECF System for filing and

transmittal of a Notice of Electronic Filing to the ECF registrants for this case.

*/s/ Tammy Gougeon*
Tammy Gougeon