**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

| | | |
|---|---|---|
| **U.S. Equal Employment Opportunity Commission,** | ) | **Civil No. 24-2510-ABA** |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Smiths Detection, Inc.** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF JOINT MOTION TO APPROVE**
**PROPOSED CONSENT DECREE**

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") and Defendant Smiths Detection Inc. ("Defendant" or "Smiths Detection") (collectively, the "Parties") file this Memorandum in Support of Joint Motion to Approve Proposed Consent Decree [ECF No. 41]. As explained in greater detail below, the proposed Consent Decree is fair, adequate, and reasonable, and not illegal, nor the product of collusion, nor against public policy. Moreover, the great benefit of voluntary compliance and the overriding public interest in resolving this case as expeditiously as possible warrants the Court's approval of the proposed Consent Decree.

I.    STATEMENT OF THE CASE

The EEOC alleged that Smiths Detection violated Title I of the Americans with Disabilities Act of 1990 by demoting Sandra Merson to avoid providing her a reasonable accommodation. ECF No. 1, Compl., at ¶ 15a-q. EEOC invoked its enforcement authority

under Sections 107(a) and 503(c) of the ADA, 42 U.S.C. § 12117(a) and 12203(c), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1),(3), and  Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A. Smiths Detection denies any violation of the ADA and maintains that it has provided equal opportunities for employees, including Merson. ECF No. 42-1, Proposed Consent Decree, at ¶ 4. The Parties have achieved a resolution after extensive litigation including the exchange of thousands of documents and more than ten depositions.

## II.  LEGAL STANDARD FOR APPROVAL OF THE CONSENT DECREE

Under Title VII,[1] the District Court has a "duty to render a decree which will so far as possible eliminate the discriminatory effects of the past as well as bar like discrimination in the future." *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418 (1975). Accordingly, all EEOC litigation that is settled prior to trial is resolved through a Consent Decree embodying the defendant's agreement with the Commission that it will take adequate steps to prevent future discrimination.

When considering whether to enter a proposed Consent Decree, district courts "should be guided by the general principle that settlements are to be encouraged." *United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1981). The presumption in favor of settlement is particularly strong when the resolution has been negotiated "on behalf of a federal administrative agency specially equipped, trained, or oriented in the field." *United States v. Duke Energy Carolinas, LLC*, 499 F. Supp. 3d 213, 218 (M.D.N.C. 2020) *quoting United States v. Cannons Eng'g Corp.*, 720 F. Supp. 1027, 1035 (D. Mass. 1989), aff'd, 899 F.2d 79 (1st Cir. 1990).

---

[1] Title VII remedies are incorporated into the ADA through 42 U.S.C. §12117(a).

*Signed with email consent given April 13, 2026

While a court "should not blindly accept the terms of a proposed settlement," the court's inquiry need not be all encompassing:

> [A] trial court approving a settlement need not inquire in the precise legal rights of the parties nor reach and resolve the merits of the claims or controversy. In fact, it is precisely the desire to avoid a protracted examination of the parties' legal rights that underlies entry of Consent Decrees.

*Bragg v. Robertson*, 83 F.Supp.2d 713, 717 (S.D. W.Va. 2000). Moreover, "where a government agency charged with protecting the public interest has pulled the laboring oar in constructing the proposed settlement, a reviewing court may appropriately accord substantial weight to the agency's expertise and the public interest responsibility." *Id.* (citation omitted).

The standard for approval of a Consent Decree proposed by a government agency and private defendants is therefore lenient. The court need only determine whether the proposed Decree is "fair, adequate, and reasonable" and is "not illegal, a product of collusion, or against the public interest." *North Carolina*, 180 F.3d at 581. Although the Fourth Circuit has not yet addressed the standard as it specifically relates to EEOC Consent Decrees, courts in other Circuits have applied a similar standard to that articulated in *North Carolina* to EEOC Consent Decrees. *See e.g. EEOC v. Hiram Walker & Sons, Inc.,* 768 F.2d 884, 889 (7th Cir. 1985) (affirming district court's approval of EEOC Consent Decree and stating that the applicable standard is whether the proposed Decree is "lawful, fair, reasonable, and adequate."); *U.S. v. Lee Way Motor Freight, Inc,* 25 Fair Empl. Cas. (BNA) 142, 149 (W.D. Okla. 1980) ("[w]here, as here, all of the parties to the litigation have consented to a proposed Decree, the standard of review to be imposed by the Court should properly be limited to a determination that the Decree is lawful and reasonable and not contrary to public policy.")

### III.    THE PROPOSED CONSENT DECREE SHOULD BE APPROVED

*Signed with email consent given April 13, 2026

A. The Proposed Consent Decree is Fair, Adequate and Reasonable

A Consent Decree is fair, adequate, and reasonable when it is negotiated in good faith, addresses the allegations in the complaint, and is consistent with the goals of the underlying statute. *Duke Energy Carolinas, LLC*, 499 F. Supp. 3d at 218. The proposed Consent Decree provides for an injunction, training, monitoring, and monetary compensation for Merson as prayed for in the Complaint, thereby fulfilling both the preventative and remedial goals of the statute. It was negotiated in good faith by Eric S. Thompson who has been with the Commission for 16 years and resolved numerous cases through Consent Decrees. Defendant was represented by an experienced labor and employment attorney whom Defendant entrusts with its most important employee relations matters. Counsels' extensive experience in litigating these matters led to a mutual determination that the matter could be resolved prior to summary judgment practice and trial. This understanding made it possible to compensate Merson and provide for the other remedies set forth in the proposed Decree without further litigation, which would become increasingly expensive as it progressed.

B.  The Proposed Decree is Not Illegal, a Product of Collusion, or Against Public Interest

The Decree sets forth training on reasonable accommodations and a monitoring provision to ensure enforceability of the remainder of the Decree. Such criteria are consistent with the ADA, as is the award of monetary compensation. The Decree submitted therefore represents a paradigmatic and laudable resolution of claims under the ADA.

## IV.  CONCLUSION

Based on the foregoing, the Parties respectfully request that the Court approve the proposed Consent Decree [ECF No. 42-1].

*Signed with email consent given April 13, 2026

Respectfully submitted,


/S/ Eric S. Thompson                                    /S/ Danial B. Pasternak*

_____        _____
Eric S. Thompson                                        Daniel B. Pasternak (admitted pro hac vice)
U.S. EEOC                                                SQUIRE PATTON BOGGS (US) LLP
George H. Fallon Federal Building                        2325 East Camelback Road, Suite 700
31 Hopkins Plaza, Suite 1432                             Phoenix, Arizona 85016
Baltimore, MD  21201                                     Tel: +1 602 528 4000
(410) 801-6696                                           Fax: +1 602 253 8129
Eric.Thompson@eeoc.gov                                   Email: daniel.pasternak@squirepb.com

                                                         Amy Brown Doolittle (15455)
                                                         SQUIRE PATTON BOGGS (US) LLP
                                                         2550 M Street, NW Washington, DC 20037
                                                         Tel: +1 202 457 6000
                                                         Fax: +1 202 457 6315
                                                         Email: amy.doolittle@squirepb.com


*Signed with email consent given April 13, 2026