**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

U.S. EQUAL EMPLOYMENT OPPORTUNITY )
    COMMISSION, )
     )
    Plaintiff, )
     )   Civil Action No. 1:24-cv-02510-ABA
    v. )
     )
SMITHS DETECTION, INC., )
     )
     )
    Defendant. )
_____ )

<u>CONSENT DECREE</u>

This action was instituted by Plaintiff, United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against Defendant Smiths Detection, Inc., ("Defendant" or "Smiths") alleging that Defendant unlawfully discriminated against its employee Sandra Merson ("Merson") by changing her work assignment and reducing her pay in violation of Sections 102(a) and 102(b)(5)(A) and (B) of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112(a), 12112(b)(5)(A), (B).

The parties desire to resolve the Commission's action without the time and expense of continued litigation, and they desire to formulate a plan to be embodied in a Consent Decree which will promote and effectuate the purposes of the ADA.

The Court has examined this Consent Decree (the "Decree") and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and the ADA. Therefore, upon due consideration of the record herein and being fully advised in the premises, it is ORDERED, ADJUDGED AND DECREED:

Scope of Decree

1.      For purposes of this Decree, Defendant shall include its successors, purchasers, assigns, subsidiaries, parents, affiliates, owners, officers, managers, insurers, insured, reinsurers, successors in interest, and any corporation or entity into which Defendant may merge or with which Defendant may consolidate.  In the event that there is a transfer of ownership of Defendant during the Term of the Decree, Defendant shall provide prior written notice to any potential purchaser of Defendant's business of the existence and contents of this Consent Decree.

2.      This Decree resolves all issues and claims in the Complaint filed by the Commission in this ADA action which emanated from the Charge of Discrimination filed by Merson against Defendant. This Decree in no way affects the Commission's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such charges as the Commission sees fit.

3.      This Decree shall be in effect for a period of two (2) years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree.

4.      This Decree, being entered with the consent of Plaintiff and Defendant, shall not constitute an adjudication or finding on the merits of the case nor an admission of liability by Defendant. Defendant has expressly denied the allegations contained in the Complaint and continues to deny any and all liability with respect to such allegations.

Monetary Relief

5.      Within ten (10) business days of entry of this Decree, Defendant shall pay monetary relief in the total gross amount of $100,000.00 representing $6,463.63 in back pay and interest, $11,520.00 in front pay, and $82,016.37 in compensatory damages to Merson. Defendant shall

administer proper withholdings from the back pay and front pay portions for taxes and required employee contributions for FICA and Medicare. Defendant's required employer contributions for FICA and Medicare are separate from, and shall not be deducted from, the portion of the payment representing compensatory damages.  Payment will be sent directly to Merson, and evidence of the payment and related correspondence will be emailed to the EEOC Senior Trial Attorney Eric S. Thompson at Eric.Thompson@EEOC.GOV. Defendant will issue to Merson a 2026 United States Internal Revenue Service Form W-2 for the back pay and front pay and a 2026 Form 1099 for the compensatory damages amounts paid to her under this Decree.

## Injunctive Relief

6.    During the duration of this Decree, Defendant, its officers, agents, servants, successors, and all persons acting or claiming to act on its behalf and interest hereby are enjoined from denying reasonable accommodation to qualified individuals with a disability and from demoting employees to avoid making reasonable accommodations under the ADA and related regulations, including the following provisions.

> Discriminate against a qualified individual on the basis of a disability includes… denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make a reasonable accommodation to the physical or mental impairments of the employee or applicant.

42 U.S.C. § 12112(b)(5)(B).

## Written ADA Policies & Procedures

7.    Within 30 days of the entry of this Decree, Defendant will review, revise to the extent necessary, and thereafter maintain written policies which address the prohibition of disability discrimination under the ADA. The written policies shall address Defendant's duty to provide reasonable accommodations to qualified individuals with a disability and also state that

the reasonableness of an accommodation must be evaluated based on the overall resources of the organization, including an assessment of a position's essential function(s) when a request for reasonable accommodation of a disability is made.

8.      Defendant will distribute a copy of the written policies and procedures described in paragraph 7 above to all of its employees at its Edgewood, Maryland production facility, within 30 days of the entry of this Decree.

### ADA Training

9.      Within two (2) months from the entry of this Decree, and every year thereafter for the duration of this Decree, Defendant will provide to all supervisors or managers employed by Defendant and all employees employed in Defendant's Human Resources Department, each as employed at its Edgewood, Maryland production facility with no fewer than two (2) hours of live training (which may be conducted in person or virtually) on the requirements and prohibitions of the ADA. The ADA training will be conducted by an outside organization or law firm approved by the EEOC and shall cover all areas of prohibited ADA discrimination, but will include a special emphasis on reasonable accommodation, the duty to engage in an interactive process, the prohibition on avoiding providing reasonable accommodations by creating barriers in an attempt to justify non-compliance with the ADA, and the duty to evaluate the reasonableness of an accommodation based upon the overall resources of the organization. Within five (5) days of the training, Defendant will forward to EEOC a copy of the attendance records from the training session(s).

10.      During  the duration of this Decree, individuals hired or promoted to management or supervisory positions shall be provided with ADA training which shall be the same as that set forth in paragraph 9 within 30 days of hire or promotion. Defendant will maintain records identifying the name and job title of the employees receiving such training, the date of

commencement of each such employee's managerial or supervisory position, and date of training. Every six (6) months, for the duration of this Decree, Defendant will forward to EEOC a copy of the records regarding any such training.

Notice and Postings

11.    Defendant will continue to post and cause to remain posted the posters required to be displayed in the workplace by Commission Regulations, 29 C.F.R. § 1601.30, in all places where notices to employees customarily are posted.

12.    Within ten business days of entry of this Decree, Defendant will post in all places where notices to employees customarily are posted at Defendant's Edgewood, Maryland facility Exhibit A ("Notice to Employees"). This Exhibit shall be posted and maintained for the duration of the Decree and shall also be signed by a senior management representative of Defendant with the date of actual posting shown thereon. Should the Notice to Employees become defaced, marred, or otherwise made unreadable, Defendant will ensure that new readable copies of the Notice to Employees are posted in the same manner as heretofore specified. Within thirty (30) days of approval of this Decree, Defendant shall forward to the Eric S. Thompson at Eric.Thompson@EEOC.GOV a copy of the signed Notice to Employees (Exhibit A) and written certification that the Notice to Employees has been posted and a statement of the location(s) and date of posting.

Monitoring Provisions

13.    During the period of this Decree, on a quarterly basis, Defendant will prepare and submit to the Commission a list of all individuals who have complained (internally via Defendant's established complaint reporting procedure or externally, if known to Defendant) of or reported any discrimination in employment on the basis of disability during that quarter. This list will include each individual's name; home address; working telephone number; nature of the individual's

complaint; name of individual who received the complaint or report; date complaint or report was received; description of Defendant's actions taken in response to the complaint or report, including the name of each manager or supervisor involved in those actions. If no individuals have complained of or reported any discrimination in employment on the basis of disability during that quarter, Defendant will so inform the Commission's Baltimore Field Office.

14.     In addition to the monitoring provisions set forth elsewhere in this Decree, EEOC may monitor compliance during the duration of this Decree by inspection of Defendant's premises, records, and interviews with employees at reasonable times, each upon five (5) business days written notice by the EEOC to Defendant's counsel, Daniel B. Pasternak, Squire Patton Boggs (US) LLP (daniel.pasternak@squirepb.com) and to Defendant's General Counsel. Within five (5) business days of Defendant's receipt of the EEOC's written notice, Defendant will make available for inspection and copying any records requested by EEOC, facilities sought to be inspected by EEOC, and employees sought to be interviewed by EEOC, each to the extent reasonably necessary to determine whether Defendant has complied with the terms of this Decree.

15.     All materials required by this Decree to be sent to EEOC shall be addressed to:

Equal Employment Opportunity Commission
Baltimore Field Office
Attention:  Eric S. Thompson, Senior Trial Attorney
31 Hopkins Plaza, Suite 1432
Baltimore, Maryland 21201
Eric.Thompson@EEOC.GOV

**EEOC'S REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(F) AND 6050X**

16.     Defendant acknowledges and agrees to the following:

a.      EEOC may be required to report the fact of this settlement to the IRS under Sections 162(f) and 6050X of the Internal Revenue Code, which allow for certain payments by employers to be deducted from the employer's taxes. If EEOC is required by law to do so,

Defendant will be provided with a copy of the 1098-F form provided to the Internal Revenue Service (IRS). Defendant's EIN is: 22-3552823. The individual to whom EEOC should mail a copy of the form 1098-F, if EEOC is required to issue one is: Pang Khou Yang, General Counsel, Smiths Detection, Inc., 2202 Lakeside Boulevard, Edgewood, Maryland 21040;

b.      EEOC has not made any representations regarding whether the amount paid pursuant to this Decree qualifies for the deduction under the Internal Revenue Code;

c.      EEOC's provision to Defendant of Form 1098-F does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met;

d.      Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from EEOC; and

e.      Defendant is not acting in reliance on any representations made by EEOC regarding whether the amounts paid pursuant to this Decree qualify for a deduction under the Internal Revenue Code.

16.      The Commission and Defendant shall bear their own respective costs and attorneys' fees.

17.      This action is dismissed, with prejudice, subject to the provision herein in Paragraph 2.

18.      The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

FOR DEFENDANT:                              FOR PLAINTIFF:


/S/ Daniel B. Pasternak*                    /S/ Debra M. Lawrence
Daniel B. Pasternak                         Debra M. Lawrence
SQUIRE PATTON BOGGS (US) LLP                Regional Attorney
2325 East Camelback Road, Suite 700
Phoenix, Arizona  85016                     /S/ Eric S. Thompson
                                            Eric S. Thompson
                                            Senior Trial Attorney

                                            EQUAL EMPLOYMENT OPPORTUNITY
                                            COMMISSION
                                            Baltimore Field Office
                                            George H. Fallon Federal Building
                                            31 Hopkins Plaza, Suite 1432
                                            Baltimore, MD 21201



**SO ORDERED.**



Signed and entered this 16th day of ___April___, 2026.



                        */s/*
        _____
              Adam B. Abelson
         United States District Judge




*Signed with email consent given April 13, 2026

Appendix A



# NOTICE TO EMPLOYEES POSTED PURSUANT TO A CONSENT DECREE BETWEEN THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION AND SMITHS DETECTION, INC.

The Americans with Disabilities Act ("the ADA") makes it unlawful for an employer to discriminate against any qualified individual because of a disability. Under the ADA, the term "discriminate" includes reassigning individuals with disabilities and not making reasonable accommodations for qualified applicants and employees.

The term "reasonable accommodation" may include: providing personal protective equipment or other equipment to allow the disabled employee to fully and safely perform a job, agreed upon reassignment to areas that do not aggravate disabilities; and other similar accommodations.

Therefore, in accordance with the applicable law:

SMITHS DETECTION, INC. WILL NOT reassign qualified individuals with disabilities in violation of the ADA or deny reasonable accommodations to qualified individuals with a disability.

Employees or job applicants may report instances of discriminatory treatment to a supervisor, a manager, Human Resources, or SMITHS DETECTION, INC'S Law Office [INSERT NUMBER] at any time. SMITHS DETECTION, INC. has established policies and procedures to promptly investigate any such reports and to protect the person making the reports from retaliation.

Individuals may also make complaints of employment discrimination directly to the EEOC at publicportal.eeoc.gov. General information may also be obtained on the Internet at www.eeoc.gov.

_____

SMITHS DETECTION, INC.

Date Posted: